15-2766
United States v. Saelim

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        ROSEMARY S. POOLER,
                <u>Circuit Judges</u>,

        GEOFFREY W. CRAWFORD,*
                <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - -X

United States of America,
        <u>Appellee</u>,

        -v.-                     15-2766

Usawan Saelim,
        <u>Defendant-Appellant</u>,

---

    *    Judge Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

**Rana Khandakar, also known as Rick Shinwat,**

     <u>**Defendant.**</u>

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                  Elizabeth E. Macedonio, New York, NY; Randall D. Unger, Bayside, NY.

**FOR APPELLEE:**                   Christine Magdo, Karl Metzner, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Usawan Saelim was convicted, after a three-week jury trial, of conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2); conspiracy to commit mail and bank fraud in violation of 18 U.S.C. § 1349; bank fraud in violation of 18 U.S.C. § 1344 and 2; aggravated identity theft in violation of 18 U.S.C. § 1028A and 2; and conspiracy to steal government funds in violation of 18 U.S.C. § 371. The district court (Koeltl, <u>J</u>.) sentenced her to an aggregate term of 36 months of incarceration to be followed by three years of supervised release. The district court also imposed a mandatory special assessment and entered restitution and forfeiture orders.

Saelim argues that the evidence was insufficient to establish that she participated in a conspiracy or that she knowingly committed the charged crimes. Her co-defendant and boyfriend (later, her husband), Rana Khandakar, largely confessed to the crimes and testified at trial that Saelim was not a knowing participant.

"We review challenges to the sufficiency of evidence de novo." <u>United States v. Pierce</u>, 785 F. 3d 832, 837 (2d Cir. 2015). A defendant challenging the sufficiency of the evidence bears a heavy burden because "we view the evidence in the light most favorable to the government, drawing all inferences in the

2

government's favor and deferring to the jury's assessments of the witnesses' credibility." Id. at 838. "We will sustain the jury's verdict if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotation marks omitted). We acknowledge that "[t]he jury may reach its verdict based upon inferences drawn from circumstantial evidence," and on review, "the evidence must be viewed in conjunction, not in isolation." United States v. Persico, 645 F. 3d 85, 104 (2d Cir. 2011). In cases of conspiracy, deference to the jury's determinations of credibility, weight of the evidence and inferences "is especially important . . . because a conspiracy by its nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." United States v. Pitre, 960 F.2d 1112, 1121 (2d Cir. 1992) (internal quotation marks and citation omitted).

Saelim argued at trial, as she argues now, that the government failed to prove her participation in Khandakar's crimes. The jury rejected that argument, and to the extent that Saelim relies on Khandakar's testimony, we must defer to the jury's adverse assessment of his credibility.

The government offered abundant evidence that Saelim knowingly participated in the fraudulent schemes. The relevant criminal conduct was done primarily in the home that Saelim and Khandakar shared, and that Saelim's personal cell phone and laptop were used in that conduct. Evidence found on her devices reflected the use of stolen credit cards, the online sale of stolen goods, text messages to and from potential purchasers of those goods, and extended communications negotiating their prices. One telling example was Saelim's communications with her friend "Phillip," in which she provided specific advice on how to sell items purchased with stolen credit card information and on how to avoid detection and account suspension on eBay. Given the breadth of communications provided, a reasonable jury could conclude that Saelim knowingly engaged in those unlawful activities herself, notwithstanding Khandakar's testimony that he was responsible for them, and merely borrowed Saelim's devices.

The government provided additional evidence probative of Saelim's knowing participation in the criminal conspiracy and substantive crimes, whether or not the crimes were orchestrated

3

by Khandakar.  Saelim possessed a large quantity of cash and stolen credit cards and she repeatedly deposited large amounts of the proceeds of criminal conduct into a bank account that only she could access.  Taken in combination, and viewed in the light most favorable to the government, the evidence at trial was sufficient for a reasonable jury to find her guilty of the charged crimes.

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4